**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

VICTOR W. WRIGHT, #39225-037     *
           *
    Petitioner,              *         Civil Action No. DKC-14-3035
           *         (Criminal Action No. DKC-06-0038)
        v                 *
           *
UNITED STATES OF AMERICA       *
           *
    Respondent            *
                 ***

**MEMORANDUM OPINION**

Pending is Victor Wardell Wright's Emergency Motion to Correct Sentence under 28 U.S.C. § 2241, challenging his sentence in light of *Descamps v. United States,* 133 S. Ct. 2276 (2013), and *United States v. Royal,* 731 F.3d 333 (4th Cir. 2013). ECF No. 118. Wright filed this motion pursuant to 28 U.S.C. § 2241 after his Application for Leave to File a Successive Motion under 28 U.S.C. § 2255 was denied by the United States Court of Appeals for the Fourth Circuit. *Id; see also* ECF Nos. 116, 117. The government moves to place its response under seal (ECF Nos. 123, 124), and the court will grant the Motion to Seal for good cause shown. Wright also filed a self-styled "Motion in Limine" to which the government has filed an opposition and Wright filed a reply. ECF Nos. 125, 126, 128.

A hearing is unnecessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2016). For reasons to follow, the Motion to Correct Sentence under 28 U.S.C. § 2241 will be denied. Wright's "Motion in Limine" will be dismissed without prejudice for lack of jurisdiction.

**BACKGROUND**

A jury found Wright guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and he was sentenced on October 16, 2006 to 235 months of imprisonment followed by five years of supervised release. *See United States v. Wright*, Case No. DKC-06-

0038 (D. Md.).  Wright was eligible for a sentence of imprisonment above the ten-year statutory maximum for violating 18 U.S.C. §922(g) because he had at least three prior convictions for violent felonies or serious drug offenses that qualified him for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Wright is challenging his sentence on the ground that one of the offenses upon which his sentence was enhanced under the ACCA, a conviction for  Assault with Intent to Prevent Lawful Apprehension under Maryland law, no longer qualifies as a violent felony within the meaning of the ACCA in light of *Descamps* and *Royal*.

Wright, who is presently incarcerated at the Federal Correctional Institution Gilmer in Glenville, West Virginia,[1] was housed at a federal facility in Lexington, Kentucky at the time he filed the instant Motion.  The government has waived objection to the requirement under 28 U.S.C. §2241(a), that Wright file his §2241 Motion in the district of his confinement.  *See Kanai v. McHugh*, 638 F.3d 251, 257-58 (4th Cir. 2011) (stating challenges to habeas proceedings based on this language in § 2241(a) may be waived).

## DISCUSSION

Wright's application to raise his claims in a second or successive 28 U.S.C. § 2255 was denied by the United States Court of Appeals for the Fourth Circuit.  ECF No. 118 at 5, ECF No. 117.  Wright may not collaterally attack his sentence in a § 2241 petition unless the remedy available is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *In re Jones*, 226 F.3d 328, 33344 (4th Cir. 2000) (holding § 2255 is inadequate and ineffective to test the legality of a conviction when:  "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

_____

[1]   *See* https://www.bop.gov/inmateloc/.

which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.").  This provision, often referred to as the "savings clause," does not trigger "merely ... because an individual is procedurally barred from filing a Section 2255 motion[.]"  *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001).

The government asserts Wright cannot satisfy the second element of the *Jones* analysis because Wright had three prior serious drug convictions in addition to his Maryland assault conviction.  Specifically, Wright's Presentence Report reflects three prior convictions for serious drug offenses:  two Maryland convictions for Distribution of CDS (Cocaine) and one D.C. conviction for Attempted Possession with Intent to Distribute (Cocaine).  These convictions support Wright's sentencing enhancement as an Armed Career Criminal.

In his "Motion in Limine"  Wright objects to using his prior convictions and argues that the government and the court failed to apply properly the "modified categorical approach" to determine whether his prior Maryland assault conviction constituted a qualifying predicate offense under the ACCA.  Wright asserts this purported error compels the court to ignore the other convictions on his criminal record and find he was unlawfully sentenced.  The time for Wright to challenge his predicate convictions has long passed.  Except in limited circumstances, not argued here, a defendant must raise all objections to predicate offenses at sentencing, "irrespective of whether a successful challenge would render a sentencing enhancement obsolete."  *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010).  Wright does not meet his burden on collateral review to prove that his sentence was improperly enhanced.  *See, e.g.,*

*Pettiford*, 612 F.3d at 277.   Wright  filed no written objections to his Presentence Report or objected at sentencing to the prior convictions identified in his Presentence Report.   Further, he advances no argument that his prior D.C. and Maryland drug convictions fail to qualify as predicate offenses under the ACCA.

In addition, Wright's "Motion in Limine" is procedurally deficient as it represents an attempt to file a second or successive challenge to his sentence under 28 U.S.C. § 2255, without the requisite prefiling authorization from the court of appeals. *See* 28 U.S.C §2255(h); 28 U.S.C. § 2244; *see also Castro v. United States,* 40 U.S. 375, 381 (2003) (motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis); *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status).

Wright's Maryland assault conviction aside, Wright still has at least three convictions which qualify him as an Armed Career Criminal.   Consequently, the conduct for which he was convicted remains a crime and he has the necessary qualifying predicate convictions to premise his enhanced sentence under the ACCA.   As a procedural matter, he may not use the "safety valve" to attack the validity of his sentence under 28 U.S.C. § 2241.   As a substantive matter, his claim is without merit.

## CONCLUSION

Wright fails to demonstrate he is entitled to review and relief under 28 U.S.C. § 2241, and his Emergency Motion to Correct Sentence under 28 U.S.C. § 2241 will be denied and dismissed with prejudice.   Wright's "Motion in Limine," construed as a Motion to Vacate, Set-Aside or Correct Sentence under 28 U.S.C. § 2255 will be dismissed without prejudice because he provides no evidence he has obtained the pre-filing authorization for a second or successive

motion.   The court declines to issue a Certificate of Appealability as to each motion because Wright has not made a substantial showing of a denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).   A separate order follows.


August 4, 2016                                    _____/s/_____
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge