IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| UNITED STATES OF AMERICA | |
| | : |
| | Criminal Case No. DKC 06-38 |
| v. | : Civil Action No. DKC 14-3035 |
| | (Consol. No. DKC 19-1874) |
| | : |
| VICTOR W. WRIGHT | |
| | : |

**MEMORANDUM OPINION**

Presently pending are (1) a petition for writ of habeas corpus (ECF No. 11, in 14-3035), and (2) a motion for summary judgment (ECF No. 12).[1] For the following reasons, this case will be stayed pending resolution of *United States v. Proctor*, Case No. 19-7071, in the United States Court of Appeals for the Fourth Circuit.

**I.   Background**

Mr. Wright was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and he was sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 922(e) on October 16, 2006, to 235 months of imprisonment followed by five years of supervised release.

The prior convictions listed in the presentence report to support the ACCA determination were (1) Distribution of CDS,

---

[1] The prior history of the post-conviction proceedings is complicated. Civil Action No. DKC 14-3035 was reopened and consolidated with Civil Action No. DKC 19-0874 on January 23, 2020. (Civil Action No. 14-3035, ECF No. 10; Civil Action No. 19-1874, ECF No. 3).

Circuit Court for Prince George's County, CT88-1188A, (2) Distribution of Cocaine, Circuit Court for Prince George's County, CT98-0490B, and (3) Assault with intent to prevent lawful apprehension, Circuit Court for Charles County, 92-0649. His criminal history contains another conviction that might also support enhancement, the 1998 conviction in the Superior Court of the District of Columbia, for attempted possession with intent to distribute cocaine, Case No. 1998FEL8150.

## II. Analysis

Mr. Wright contends that his prior conviction for assault with intent to prevent lawful apprehension can no longer serve as a predicate for ACCA status because it is not a violent felony. The Government appeared to concede that point earlier in this case. ECF No. 124 at 8 in Criminal Case No. 06-0038. It argued, however, that Mr. Wright's criminal history reflected an additional qualifying conviction, as noted above. The Government has not yet filed its response to the currently pending motion. Whatever the wisdom of the Government's positions back in 2014, there is authority to the contrary today.

First, in *Proctor v. United States*, 2019 WL 141370 (D.Md. January 9, 2019)(appeal pending, United States Court of Appeals for the Fourth Circuit, Case No. 19-7071), Judge Titus concluded that the Maryland crime of assault with intent to prevent lawful apprehension did qualify as a violent felony under the ACCA's force

clause.  Briefs are in the process of being filed in that case.
Second, in *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018),
the Fourth Circuit held that a defendant is entitled to notice of
the specific prior convictions the Government is relying on for
ACCA purposes.  Typically, only those predicate offenses
designated in a pre-sentence report may be relied upon in
determining whether a defendant qualifies for ACCA sentencing
enhancement.  When a report specifies three, but only three,
offenses, and neither the Government nor the court mentions other
potential qualifying convictions in making the ACCA determination,
then on collateral review, only the three convictions are relevant.
If a resentencing occurs, however, it is de novo and the Government
can rely on any prior conviction for which there is adequate
evidence.  *United States v. Rumley*, 952 F.3d 538, 544-547 (4th Cir.
2020).

Thus, at the present time, it is essential to determine
whether the conviction for assault with intent to prevent lawful
apprehension qualifies as a violent felony.  If it does, then Mr.
Wright's motion would fail.  If it is not a violent felony, then
he is entitled to relief, and a de novo sentencing will be held.
At any de novo sentencing, the Government would be able to rely on
all of his prior convictions that qualify.

## III. Conclusion

Because the Fourth Circuit has the issue of the status of assault with intent to prevent lawful apprehension as a violent felony before it in *Proctor,* this case will be stayed.  A separate order will be entered.

                                           /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge